IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL A. WINNE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 16-00007-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Michael A. Winne's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Winne is a state prisoner proceeding pro se.

**I.    28 U.S.C. § 2254**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to examine a Section 2254 habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Pursuant to Rule 4, the undersigned has reviewed the merits of the claims in Winne's petition, and, for the reasons discussed herein, finds that the petition should be denied and dismissed.

1

**A. Background**

On February 7, 2013, Winne received a five year sentence in Carbon County for Assault on a Minor.[1] It appears that this sentence was the result of a probation violation. On March 7, 2013, Winne received a thirteen month sentence for Driving under the Influence. *Id*. Thus, Winne was committed to the Montana Department of Corrections for a total of six years and one month. (Doc. 1-1 at 4-5.)

Although he was not yet parole eligible, Winne appeared before the Board of Pardons and Parole in December 2014.[2] He was denied early consideration for parole and scheduled to appear again for annual review in one year's time. Winne reappeared before the Board in December 2015.[3] His parole again was denied, and he was instructed to complete treatment programming, including Anger Management, Chemical Dependency, and Cognitive Principles & Restructuring 1. *Id*. Winne was advised that he could request a return to the Parole Board upon completion of treatment. *Id*.

Winne admits that he has not sought state review of the Parole Board's denial in the Montana Supreme Court (Doc. 1 at 3-4, ¶ 6 and ¶ 12), the Sentence

---

[1] *See* https://app.mt.gov/conweb/Home/OffenderNumber/3005481

[2] *See* http://bopp.mt.gov/FinalDispositions/2014FinalDispositions, December 2014.

[3] *See* http://bopp.mt.gov/FinalDispositions/2015FinalDispositions, December 2015.

Review Division (*id*. at 3, ¶ 7), or the state district court (*id*. at 3, ¶ 9). Winne filed his federal habeas petition on January 13, 2016. Pet. at 8 Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### B. Claims

Winne suffers from a heart condition that includes: cardiomyopathy, atrial flutter, congestive heart failure, and atypical chest pain. (Doc. 1-1 at 7-8.) Winne claims he is being denied parole and placement in prerelease because he has not completed treatment, but that he is unable to participate in the treatment groups due to his medical condition. (Doc. 1 at 4.) Winne states he is classified as "not being able to take treatment medically, with a no work stipulation." *Id*. Winne asserts that the Parole Board has denied him prerelease due to his failure to complete treatment, he has a liberty interest in prerelease placement, and the Parole Board's denial resulted in him being held unlawfully and illegally in violation of his constitutional right to due process. *Id*.

### C. Analysis

Winne's petition should be denied. He has failed to establish that a due process violation occurred. Furthermore, even if he could establish such a violation, he has not exhausted his state court remedies, thus precluding federal review of his petition.

**Due Process Violation**

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Id*. (quotation and citation omitted); *see Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself . . . [or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout*, 562 U.S. at 222. With

4

respect to parole hearings, an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. The "beginning and the end of federal habeas" analysis is whether the inmate received the minimal procedural protections required under the Due Process Clause. *Id*. Thus, any liberty interest Winne had in prerelease placement must be grounded in state law.

Montana law allows the Board to adopt any rules that it deems proper or necessary in relation to prisoners' eligibility for parole and conducting parole hearings. Mont. Code Ann. § 46-23-218(1) (2014). It is undisputed that Winne appeared for hearings before the Parole Board in December 2014 and December 2015. It also appears that the Board instructed Winne that he would not be parole eligible until he had completed his three treatment programs; the Board did give him the option to reappear upon completion of these programs. Not only did the Parole Board have ultimate discretion to determine if Winne should be placed in prerelease despite his failure to complete the requisite treatment programs given his medical condition, the process employed by the Board complied with the minimal due process procedures outlined by *Swarthout*. Winne cannot prevail on a due process claim.

**Exhaustion**

State courts are co-equal adjudicators, with the federal courts, of federal

5

constitutional issues. A person who claims that a state's process is unconstitutional under federal law must give the state courts the first opportunity to consider his claims. In other words, before filing in federal court, the petitioner must exhaust available state judicial remedies with respect to each federal claim. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

To meet the exhaustion requirement, a petitioner must: (1) use the "remedies available," Section 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As stated in his petition, Winne failed to exhaust his claims. It is unclear whether Winne adequately explained his medical condition and the impact that this condition has on his ability to complete the treatment component of his sentence to the Parole Board. It is also unclear whether Winne sought medical parole pursuant

6

to Montana Code Annotated § 46-23-210. What is clear, however, is that Winne has not presented his claims to either the state district court or the Montana Supreme Court. (Doc. 1 at 3-4). Winne's failure to exhaust his available state court remedies precludes this Court from analyzing his claims. 28 U.S.C. § 2254(b)(1)(A).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Winne has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

# RECOMMENDATIONS

1. Winne's petition (Doc. 1) should be **DISMISSED** and **DENIED** for lack of merit and failure to exhaust.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Winne may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Winne must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of February, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.