IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL A. WINNE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 16–07–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 19, 2016, recommending dismissal of Petitioner Michael A. Winne's ("Winne") application for writ of habeas corpus under 28 U.S.C. § 2254. Winne timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

-1-

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Having reviewed his objections, the Court finds Winne has raised two issues with Judge Johnston's Findings and Recommendations. First, Winne maintains that his Due Process rights under the Fourteenth Amendment are being violated by the Parole Board's denial of his pre-release from prison. Winne argues that the Parole Board will not grant pre-release until he has completed several treatments programs. However, Winne contends he is medically unable to complete the required programs and, as a result, the Parole Board's denial of his release until he completes these programs violate his constitutional Due Process rights.

The Court finds the above argument is the exact issue raised in Winne's petition and subsequently examined by Judge Johnston is his Findings and Recommendations. Accordingly, because Winne is attempting to "rehash[]" the same arguments raised in his habeas petition, the Court will review this objection

for clear error. *Rosling*, 2014 WL 693315 at * 3.

Upon clear error review, the Court agrees with Judge Johnston that Winne has failed to establish the occurrence of a constitutional violation. As stated by Judge Johnston, in order to state a due process violation Winne must identify an established liberty interest protected under the Due Process Clause. Here, Winne maintains that the opportunity to be considered for parole is a protected liberty interest and the denial of this opportunity because of his medical condition violates the Constitution. However, as stated by Judge Johnston, there is no substantive federal right to release on parole. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (per curium). Further, Winne fails to establish any liberty interest under state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from an expectation or interest created by state laws or policies"). Winne's first objection is without merit.

Next, Winne objects to Judge Johnston's secondary finding that the Court is precluded from considering his petition because he failed to exhaust his state law remedies before filing in federal court.[1] Winne maintains that the exhaustion requirement does not apply in this case because he is not "appealing his sentence nor his conviction." (Doc. 6 at 3.) Winne is mistaken.

---

[1] The Court applies de novo review to Winne's second objection.

Federal habeas law provides that "a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Here, Winne seeks habeas relief because he is "being held unlawfully and illegally in violation of . . . the 14th Amendment." (Doc. 1 at 4.) Further, Winne does not dispute that he has failed to exhaust his available state remedies and merely argues that this requirement does not apply because he is not challenging his underlying conviction. In contrast to Winne's argument, the plain language of federal habeas law requires exhaustion before a writ of habeas corpus may be issued. *Id.* Further, the Ninth Circuit has recognized the exhaustion requirement in cases where "a state prisoner attack[s] the legality of his detention resulting from an administrative decision by state prison authorities." *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004) (noting that the inmate exhausted his state court remedies before filing in federal court), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). As such, the Court is proscribed from hearing Winn's petition.

Accordingly, the Court reviews the remainder Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

(2) Winne's petition (Doc. 1) is DISMISSED and DENIED for lack of merit and failure to exhaust.

(3) The Clerk of Court should is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED

DATED this 25th day of April, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court